**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANDRE GINNANE<br><br>Plaintiff,<br><br><br>v.<br><br><br>BOYS & GIRLS CLUBS OF SAN ANTONIO, INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 5:23-CV-341 |

**<u>DEFENDANT'S ORIGINAL ANSWER AND FIRST AMENDED COUNTERCLAIM</u>**

Defendant, Boys & Girls Clubs of San Antonio, Inc., ("**Defendant**") files its Original Answer to the Original Complaint of Plaintiff Andre Ginnane ("**Complaint**") and First Amended Counterclaim against Plaintiff and respectfully show the Court as follows:

**<u>ANSWER</u>**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except those expressly admitted herein. These numbered paragraphs correspond to the paragraphs within the body of Plaintiff's Complaint:

1. Defendant states Paragraph 1 contains legal conclusions and no response is required.

2. Defendant is without sufficient information to admit or deny the statements in Paragraph 2 of the Complaint.

3. Admit.

4. Defendant denies that it has three stand-alone clubhouses because it has four stand-alone clubhouses as well as two clubhouses located at two separate schools. Defendant denies that it

offers 37 extended day programs because it has 19 extended day sites. Defendant admits the remaining portions of Paragraph 4.

5. Defendant denies that all children pay an annual fee of $200 to belong to BGCSA, use its facilities, and participate in its programs.

6. Defendant states Paragraph 6 contains legal conclusions and no response is required.

7. Defendant states Paragraph 7 contains legal conclusions and no response is required.

8. Admit.

9. Deny.

10. Defendant denies that Plaintiff was entitled to an annual non-discretionary bonus of $58,500. Plaintiff was eligible to receive a bonus of up to thirty percent (30%) of her annual base salary contingent upon Plaintiff's successful achievement of specific performance objectives. Defendant admits the remaining statements in paragraph 10.

11. Admit.

12. Defendant admits that the Calderone and Eastside clubhouses are owned by the City of San Antonio and are leased by Defendant. Defendant denies the remaining portions of paragraph 12.

13. Defendant admits that its Eastside clubhouse is located at 3503 Martin Luther King Drive, San Antonio, Texas. Defendant denies the remaining portions of paragraph 13.

14. Defendant admits that its Calderone clubhouse is located at 600 SW 19th Street, San Antonio, Texas. Defendant denies the remaining portions of paragraph 14.

15. Defendant admits that its Mays Family clubhouse is located at 123 Ralph Street, San Antonio, Texas. Defendant denies the remaining portions of paragraph 15.

16. Admit.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Defendant admits that Ada Saenz was promoted from Chief Operating Officer to Chief Executive Officer on or about December 13, 2021. Defendant further states that Ada Saenz is Hispanic and served as Defendant's Chief Operating Officer for almost seven years prior to be promoted to Chief Operating Officer.

34. Defendant states Paragraph 34 contains legal conclusions and no response is required.

35. Defendant states Paragraph 35 contains legal conclusions and no response is required.

36. Defendant states Paragraph 36 contains legal conclusions and no response is required.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Defendant states Paragraph 43 contains legal conclusions and no response is required.

44. Defendant states Paragraph 44 contains legal conclusions and no response is required.

45. Defendant admits that it issued an offer letter to Plaintiff.

46. Admit.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

## AFFIRMATIVE DEFENSES

56. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

57. The decisions Plaintiff challenges are based on reasonable business factors other than race.

58. To the extent that Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

59. Defendant's conduct and treatment of Plaintiff were based on legitimate, non-discriminatory factors that were unrelated to Plaintiff's alleged complaints of racial discrimination and no genuine issue of material fact to the contrary exists. In the alternative, if any action taken by Defendant was motivated in part by retaliation, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

60. Plaintiff's clams are barred by the doctrines of waiver and unclean hands.

61. Plaintiff's damages are barred in whole or in part due to Plaintiff's failure to mitigate.

62. Plaintiff's claims are barred in whole or in part because Plaintiff breached the contract between Plaintiff and Defendant.

63. Plaintiff's claims are barred because one or more of the decision makers related to Plaintiff's claims are in the same protected class as Plaintiff.

64. Plaintiff's claims are barred because the same persons that made the decision to hire Plaintiff are the same persons that made the decision to terminate her employment.

65. Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant reserves all applicable statutory of limitations with respect to Plaintiff's damage claims.

## COUNTERCLAIM AGAINST PLAINTIFF GINANNE

### Nature of the Counterclaim

66. This counterclaim is brought against Plaintiff for her breach of the written agreement between Plaintiff and Defendant. Plaintiff received $32,500 as signing bonus from Defendant based on the condition that Plaintiff must repay the $32,500 if Plaintiff's employment ended prior to the 12-month anniversary of her hire date. Plaintiff was terminated within the first 90 days of

her employment; however, Plaintiff has failed to repay the $32,500 in violation of the written agreement between Plaintiff and Defendant.

**Parties**

67. Defendant/Counter-Plaintiff Boys and Girls Clubs of San Antonio is a non-profit corporation organized under the laws of the state of Texas. Its principal place of business is in San Antonio, Texas.

68. Plaintiff/Counter-Defendant Andre Ginnane is an individual and is believed to be a resident of Bexar County, Texas.

**Jurisdiction and Venue**

69. This Court has supplemental jurisdiction over Defendant's counterclaim that arises under the laws of the state of Texas pursuant to 28 U.S.C. § 1367(a) because the counterclaim is part of the same controversy and involves the same facts as Plaintiff's claims, which this Court has original jurisdiction.

70. This Court has personal jurisdiction over Plaintiff as she has submitted to its jurisdiction by filing this lawsuit.

71. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). Defendant's counterclaim arose in this district, and a substantial part of the activities, conduct, or damages giving rise to the claims occurred in this district.

**Facts**

72. Defendant incorporates paragraphs 66-71 of its Counterclaim as if fully set forth herein.

73. Plaintiff is a "Amazon best-selling" author of a series of children's books titled *The Adventures of Sal*. *See* www.theadventuresofsal.com; *Ex. A, Ginnane Facebook Profile.*

74. According to Plaintiff's own website, her first book was published in 2019 and are sold on Amazon®, Target®, Walmart®, Barnes and Noble®, and Books A Million®. *Ex. B, Plaintiff website page*.

75. Three years after her first book was published, Plaintiff accepted the position as Chief Executive Officer of the Boys and Girls Clubs of San Antonio. Plaintiff negotiated the terms of her employment, which ultimately included a base salary of $195,000.00 and a signing bonus of $32,500.00 ("**Signing Bonus**") to be paid prior to the start of Plaintiff's employment.

76. Plaintiff and Defendant entered into a valid contract to memorialize the terms of Plaintiff's employment. As a non-profit, it was critical that Defendant mitigate its loss of the Signing Bonus. Defendant included, as a condition of its payment of the Signing Bonus, that the Plaintiff repay the Signing Bonus if Plaintiff's employment with Defendant ended prior to the one-year anniversary of her start date.

77. The repayment obligation was narrowly tailored to the amount of the Signing Bonus (*not* Plaintiff's base compensation) and limited in time to the first year of Plaintiff's employment.

78. Notably, the Signing Bonus is less than 17% of Plaintiff's $195,000.00 base salary and presumably *far less* of a percentage of Plaintiff's overall income when considering Plaintiff's income as a best-selling author.

79. Plaintiff breached the contract by failing to repay to Defendant the $32,500.00 following her termination of employment, which occurred within the first ninety (90) days of her employment.

80. Defendant is entitled to specific performance including the return of the $32,500.00, damages in an amount to be determined at trial, and its reasonable attorneys' fees.

## PRAYER

WHEREFORE, Defendant prays that Plaintiff's claims against Defendant are denied, and that this Court enters judgment in favor of Defendant for its breach of contract claim against Plaintiff and order Plaintiff to repay the $32,500.00 plus damages and attorneys' fees and such other and further relief, legal, and equitable, that this Honorable Court may find proper.

Respectfully submitted,
**CUBETA LAW GROUP, PLLC**

By: _*/s/ Kelli Cubeta*
KELLI CUBETA
Texas Bar No. 24040746
Email: Kelli.Cubeta@cubetalaw.com
ELIZABETH ASSUNTO GERMANY
Email: Elizabeth.Germany@cubetalaw.com
322 Martinez Street
San Antonio, Texas 78205
Telephone: (210) 934-4500

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was duly served via ECF on this, August 15, 2023.

*/s/ Kelli Cubeta*
Kelli Cubeta