IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANDRE GINNANE,

Plaintiff,

v. C.A. No.: 5:23-CV-341

BOYS & GIRLS CLUB OF
SAN ANTONIO, INC.,

Defendant.
____________________________________/

# PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

**TO THE HONORABLE JUDGE OF SAID COURT**

COMES NO PLAINTIFF, ANDRE GINNANE, by and through her counsel of record and, in accordance with the Federal Rules of Civil Procedure, files her reply to Defendant's Opposition to Plaintiff's Motion to Dismiss. Plaintiff shows as follows:

Defendant attempts to distinguish the instant case from the case Plaintiff cites to support her motion to dismiss, *Rieves v. Buc-EE's LTD,* 532 S.W.3d 845 (Tex. App. [14 dist.} 2017).[1] Defendant seeks to show that the pay back provisions in *Rieves* were more burdensome than in the instant case. Defendant cites no legal

[1] For purposes of the Motion to Dismiss only, Plaintiff assumes the pay back provision as written requires Plaintiff to pay back the bonus no matter how the employment relationship ended. Should the counterclaim survive, Plaintiff will assert ambiguity as an affirmative defense in its answer to the counterclaim and that by the language of the agreement, Plaintiff is not obligated to pay back the sign-up bonus.

authority undermining or contradicting the holding in *Rieves*. Moreover, the Defendant's opposition misses the relevant legal point. The question upon which the Court should focus was whether the bonus pay back provision effectively prohibited Plaintiff from quitting *at any time* during her employment with the Boys & Girls Club of San Antonio ("BGCSA") because of the economic sanctions she would incur. If, for example, a better job opportunity arose for Plaintiff one week after she started BGCSA, she would be stymied from accepting that position because of the severe economic penalty of the bonus pay back.[2] This fact resulted in an illegal restraint of trade since Plaintiff was handcuffed economically to BGCSA. **In this case, BGCSA seeks to recoup 40% of the entire amount of money it paid to Plaintiff during her employment**.

Defendant, who drafted the agreement, could have avoided Plaintiff's claim that the bonus pay back was a restraint of trade by paying Plaintiff the bonus at a rate of $2,739.33 per month for a twelve-month period. Defendant chose not to do this. Instead, it drafted an agreement with a pay back provision regarding the sign on bonus which effectively tied her to BGCSA for at least one year.[3] Texas law does not support such an agreement.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays

[2] Plaintiff spent a good deal of the bonus money so that she could move to San Antonio from Birmingham, Alabama.

[3] Defendant's position is that Plaintiff was required to pay back the sign-on bonus even if her employment relationship with Defendant ended through no fault of her own.

that the Court grant Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim with Prejudice.

Respectfully submitted September 13, 2023.

**ROSS • SCALISE LAW GROUP**

______________________________
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff

**NOTICE OF ELECTRONIC FILING**

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas on the 16th day of August, 2023.

*/s/ Charles L. Scalise*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was duly served via ECF on this 16th day of August, 2023.

*/s/ Charles L. Scalise*